IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| C.M., | : | |
| o/b/o C.M. (Minor), | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 20-CV-206 (TQL) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

# ORDER

Plaintiff filed this Social Security appeal on October 27, 2020 on behalf of the minor child Claimant, challenging the Commissioner's final decision finding that the Claimant was not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

*Legal Standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

A child is eligible for Supplemental Security Income benefits if his financial resources are below a certain level and if he is "disabled", as that word is defined in the Social Security regulations. A child is considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In order to evaluate a child's disability claim, the Commissioner employs the following sequential evaluation process: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe impairment; and (3) whether the child's severe impairment meets, medically equals or functionally equals a listed impairment. 20 C.F.R. § 416.924 (a).

If the Commissioner determines that a claimant's impairment or combination of impairments does not meet or medically equal any listing, she will proceed to determine whether claimant's impairments result in limitations that functionally equal the listings. 20 C.F.R. § 416.926a. In determining whether a claimant has an impairment that is the functional equivalent of

a listed impairment, the ALJ must consider six (6) functional equivalence domains. *Id.* These domains are Acquiring and using information, Attending and completing tasks, Interacting and relating with others, Moving about and manipulating objects, Caring for yourself, and Health and physical well-being. § 416.926a(B)(1)(i – vi). A claimant must have an "extreme" limitation in any of the domains or "marked" limitation in at least two (2) domains to be found to have an impairment of listing-level severity. § 416.926a(a).

*Administrative Proceedings*

Claimant, through his mother, filed an application for Supplemental Security Income benefits in August 2018, alleging disability since April 30, 2016. (T-154-160). This application was denied initially and on reconsideration. (T-70, 82). Claimant and his mother appeared at a hearing before an ALJ on March 10, 2020. (T-41-60). In a hearing decision dated March 24, 2020, the ALJ determined that the Claimant was not disabled. (T-16-40). The Appeals Council denied Claimant's request for review. (T-1-6).

*Statement of Facts and Evidence*

Claimant was born on January 26, 2007, and was thirteen (13) years old at the time of the ALJ's decision. (T-26). The ALJ found that Claimant has severe impairments in the form of attention deficit hyperactivity and unspecified depressive/anxiety disorders. (T-24). The ALJ further found that Claimant did not currently have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, and did not currently have an impairment or combination of impairments that functionally equaled the severity of the listings. (T-24-35). The ALJ concluded that the Claimant had not been disabled since the date the application for benefits was filed. (T-35).

## DISCUSSION

Plaintiff asserts that the ALJ erred in finding that the Claimant has a less than marked limitation

in the domain of Interacting and relating with others. The ALJ found that Claimant had less than marked limitation in Acquiring and using information, marked limitation in Attending and completing tasks, less than marked limitation in Interacting and relating with others, no limitation in Moving about and manipulating objects, less than marked limitation in the Ability to care for himself, and no limitation in Health and physical well-being. (T- 29-35).

In finding that Plaintiff has a less than marked limitation in Interacting and relating with others, the ALJ determined that

> [s]chool records indicate two disciplinary issues that were not particularly serious. The claimant has played football on a school team and he is an usher at his church. His teacher indicated mostly no or slight problems in this area. He gets along with his sister and has friends at school. This correlates with a moderate limitation in the domain of interacting with others with regard to Listing 112.11.

(T-32).

Under the regulations, the Social Security Administration "will find that you have a 'marked' limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities." § 416.926a(e)(2).

In the domain of Interacting and relating with others, the Social Security Regulations provide that "we consider how well you initiate and sustain emotional connections with others, develop and use the language of your community, co-operate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. § 416.926a(i). The regulations provide the following examples of limited functioning in the domain of Interacting and relating with others:

> You have no close friends, or your friends are all older or younger than you.
>
> You avoid or withdraw from people you know, or you are overly anxious or fearful of meeting new people or trying new experiences.
>
> You have difficulty playing games or sports with rules.
>
> You have difficulty in communicating with others. . .
>
> You have difficulty speaking intelligibly or with adequate fluency.

§ 416.926a(i)(3)(ii - vi).

The ALJ's findings regarding the domain of Interacting and relating to others are supported by substantial evidence. In a 2017 psychological evaluation, Claimant was found to socialize age appropriately and to generally get along with teachers and adults, and his behaviors were noted to be age-appropriate. (T-272). Claimant was involved with football, and enjoyed spending time with his extended family. (T- 273). Claimant was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), but medication was not recommended at that time. (T-278). A 2019 psychological evaluation confirmed the ADHD diagnosis, and added a mild Intellectual Disability and unspecified depressive and anxiety disorders. (T-340). The ALJ found that the psychologist's 2019 evaluation findings of marked limitations in certain areas was contradicted by the "sparse disciplinary record and the opinions of claimant's teacher", was largely inconsistent with the evidence of record, and was unpersuasive. (T-29). Also in 2019, Claimant's teachers reported that Claimant did not have any current behavioral write-ups. (T-256). Claimant's mother testified at the hearing before the ALJ that Claimant had only one school suspension related to his behavior, that Claimant had friends at school, was an usher at church, got along well with his sister, and had wanted to continue to play football but had transportation issues that prevented it. (T-51-53). As found by the ALJ, the record contains limited reports of actual disciplinary issues or conflicts that reflect on his ability to interact and relate to others.

Although Plaintiff points to the ALJ's notation, in his discussion of whether claimant has an impairment that functionally equals the listings, that seems to indicate that a teacher issued an opinion supporting a marked limitation in the Interacting and relating with others, this statement does not equate to a finding of marked limitation in this domain by the ALJ. The ALJ, in finding that Disability Determination Services psychologists' opinions regarding claimant's ability to interact and relate with others were inconsistent, merely noted that the psychologists' "assessment in interacting and relating with others is inconsistent with the teacher's opinion, which supports a marked limitation in that domain". (T-29). The ALJ's finding that claimant had less than marked limitation in interacting and relating with others is supported by substantial evidence. (T-31-32).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 14th day of March, 2022.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**